NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN ROY MALDONADO, JR., ) | No. C 06-5561 JF (PR) |
| ) | |
| Petitioner, ) | ORDER OF DISMISSAL; |
| ) | DENYING MOTION TO |
| vs. ) | PROCEED IN FORMA |
| ) | PAUPERIS AS MOOT |
| ) | |
| CALIFORNIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | (Docket No. 4) |

    Petitioner, proceeding pro se, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254.  The Court notes that Petitioner filed a separate habeas action in this Court, case no. C 06-5560 JF (PR), challenging his parole revocation proceeding.  In the instant petition, Petitioner alleges that the California Department of Corrections failed to respond to his grievance requests and investigate his complaint concerning his gang affiliation and resulting gang restrictions while in prison.  The Court notes that Petitioner is curently out of custody.  The Court will DISMISS the instant petition without prejudice and DENY Petitioner's motion to proceed in forma pauperis as moot.

\\\

## DISCUSSION

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the Court dismisses the instant habeas action because Petitioner's claims do not challenge the legality of his conviction or sentence. Instead, Petitioner alleges that the Department of Correction's failed to respond to his grievance requests and investigate his complaint concerning his gang affiliation and resulting gang restrictions while in prison. Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. §1983 on the enclosed form. Petitioner shall include supporting documentation of his prison appeal with his new complaint as the instant case will be closed.

\\\

\\\

1  Based on the dismissal, Petitioner's motion to proceed in forma pauperis (docket no. 4) is
2  DENIED as moot. No filing fee is due. The Clerk shall terminate all pending motions
3  and close the file.
4      IT IS SO ORDERED.
5  DATED: __3/7/07_____

    _____
    JEREMY FOGEL
6   United States District Judge

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order of Dismissal
P:\pro-se\sj.jf\hc.06\Maldonado561dis        3

A copy of this ruling was mailed to the following:

Carmen Roy Maldonado, Jr.
460 California Street, Apt # 9
Salinas, CA  93906